IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Jureau Charmaine Bowman, ) | Case No. 04-42664 |
| ) | |
| Debtor. ) | |

## Memorandum Opinion

Countrywide Home Loans (Countrywide) filed a motion to dismiss this Chapter 13 bankruptcy case, or alternatively a motion relief from the automatic stay as to real property located at 10117 Bel Air, Kansas City, Missouri 64134. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I dismiss this case.

## FACTUAL BACKGROUND

The facts are not in dispute. On August 8, 2001, Ms. Bowman filed a Chapter 13 bankruptcy case to prevent Countrywide from foreclosing on her residence. On July 10, 2003, this Court granted Countrywide's motion for relief from the automatic stay, and on September 29, 2003, this Court granted Ms. Bowman's motion to voluntarily dismiss her case. Despite the 180-day ban on refiling a voluntarily dismissed case, on October 8, 2003, Ms. Bowman filed another Chapter 13 bankruptcy petition. The Chapter 13 trustee filed a

motion to dismiss, and on January 30, 2004, the Court granted that motion. On April 30, 2004, before Countywide completed its foreclosure by sale set for May 5, 2004, and continued to May 12, 2004, Ms. Bowman filed a third Chapter 13 petition. Countrywide filed this motion to dismiss and a motion for a hearing on shortened notice. On May 10, 2004, this Court held a hearing. The issue before me is whether the intervening Chapter 13 case tolled the running of the 180-day ban on refiling between the first and third Chapter 13 cases.

## DISCUSSION

Section 109(g) of the Bankruptcy Code (the Code) bars a second filing for 180 days if a debtor voluntarily dismisses a case following the filing of a motion for relief from stay:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.[1]

There is no question that, when Ms. Bowman filed her second Chapter 13 case within nine days of the voluntary dismissal of her first case, she violated section 109(g) of the Code. And, that was the basis for this Court granting the Chapter 13 trustee's motion to dismiss the second case 114 days later. Then, 92 days after the Court dismissed her second case,

---

[1] 11 U.S. C. § 109(g)(2).

2

she filed this third Chapter 13 case.

Ms. Bowman argues that section 109(g) is no longer applicable since 215 days elapsed between the dismissal of her first case and the filing of her third case. Countrywide argues that the intervening case tolled the running of the 180 days for a period of 114 days, therefore, she is ineligible to file this case, as only 101 days of untolled time has elapsed.

*In re Rives*,[2] is directly on point with this case. A secured creditor moved to dismiss a third bankruptcy case for a violation of section 109(g). Even though more than 180 days elapsed between the voluntary dismissal of the first case and the filing of the third case, debtor had filed an intervening case to prevent the creditor from completing a foreclosure.[3] The court found that section 109(g) is intended to prevent abusive repetitive filings, and that the prohibitions are mandatory.[4] The court further found that the purpose of section 109(g) would be frustrated unless the running of the 180 days is tolled during the pendency of an improperly filed case.[5] I agree. Despite the fact Ms. Bowman's second case was improperly filed, Countrywide was still prohibited by the automatic stay from exercising the relief it obtained during the first bankruptcy case. As the court stated in *In re Berts*,[6] "the obvious

---

[2] 260 B.R. 470 (Bankr. E.D. Mo. 2001).

[3] *Id.* at 471.

[4] *Id.* at 472.

[5] *Id.*

[6] 99 B.R. 363 (Bankr. N.D. Ohio 1989).

thrust of [section 109(g)] is to preclude the debtor from denying the creditor the benefit of termination of the stay by filing another case reimposing the stay."[7]

Ms. Bowman makes the following equitable arguments. She claims that she was unable to make her payments in the past because she lost her full-time job. She claims that she now has steady employment, that she has signed a wage order, and that her proposed plan provides that payments to Countrywide will be made through the plan. However, the prohibitions in section 109(g)(2) are mandatory.[8] If I find an intervening case tolls the running of the 180 days, I do not have discretion to deny Countrywide's motion to dismiss.

In *Greenwell v. Carty (In re Carty)*,[9] a debtor filed a second case 108 days after the dismissal of his first Chapter 13 case. Ten months later, the garnishing creditor, who precipitated the second filing, filed a motion to dismiss under section 109(g)(2). The court found that the second petition was, indeed, filed within the 180-day period prohibited by section 109(g)(2), however, since the creditor waited 10 months to bring the motion, the court would grant it and allow debtor to immediately file another case. The creditor appealed that decision and the Bankruptcy Appellate Panel for the Ninth Circuit affirmed.[10] The court in *Carty* relied on two factors that are not relevant to this case. First, it found

---

[7]*Id.* at 365.

[8]*In re Rives*, 260 B.R. at 272.

[9]149 B.R. 601 (B.A.P. 9th Cir. 1993).

[10]*Id.* at 604.

4

that the doctrine of laches prevented the creditor from exercising a right he had clearly sat on for ten months.[11] In this case Countrywide moved for dismissal within four days of the filing of the petition. In the second case the Chapter 13 trustee moved for dismissal within 33 days of the filing of the petition. I need not, therefore, consider the doctrine of laches. More significantly, in the Ninth Circuit, the application of section 109(g)(2) has been held to be discretionary.[12]

The courts in Missouri, however, have followed the line of cases that require the mandatory application of section 109(g)(2).[13] And, more recently, the United States Supreme Court held that the Internal Revenue Service had been disabled from utilizing the entire three-year collection period, provided by sections 523(a)(1)(A) and 507(a)(8)(A)(i) of the Code, when debtors filed an intervening Chapter 13 bankruptcy petition.[14] Thus the Supreme Court held that the entire period of disability tolled the three-year lookback period.[15] The Supreme Court stated that limitation periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute.[16] As shown above,

---

[11] *Id.* at 603.

[12] *In re Luna*, 122 B.R. 575, 577 (B.A.P. 9th Cir. 1991).

[13] *See, e.g., In re Rives*, 260 B.R. at 472; *In re Gregory*, 110 B.R. 911, 912 (Bankr. E.D. Mo. 1989).

[14] *In re Young*, 535 U.S. 43, 50-51, 122 S. Ct. 1036, 1041, 152 L. Ed. 2d 79 (2002).

[15] *Id.*

[16] *Id.* at 49, 122 S. Ct. at 1040.

tolling is consistent with the purpose and the text of section 109(g)(2).

Despite an admitted violation of Section 109(g), and an admission that she has no equity in her home, Ms. Bowman asks this Court to deny the motion to dismiss and allow her to confirm her proposed plan. The equities of this case, however, do not favor Ms. Bowman. She claims the fair market value of her home is $63,000. Countrywide claims the principal remaining to be paid is $60,037.85. In addition, Countrywide claims total arrearage of $20,929.94, including 21 monthly payments of $550.92 each, attorneys fees of $6,291.86, escrow of $3,515.34, and suspense of $446.58. Countrywide has attempted to foreclose three times since September 19, 2001, and each time its efforts have been frustrated by a bankruptcy filing. And, Ms. Bowman has apparently been unable or unwilling to make any payments to Countrywide outside of bankruptcy. Since I find that Ms. Bowman has no equity in the real estate, and that she is unable to make the payments required, I find no basis for equitable relief.

I will follow the line of cases in Missouri that hold that the application of section 109(g)(2) of the Code is mandatory. I will also follow the guidelines handed down by the United States Supreme Court in *In re Young* and find that the filing of an intervening, and improperly filed, bankruptcy case tolls the 180-day ban imposed by section 109(g). I will, therefore, grant Countrywide's motion to dismiss this Chapter 13 case.

An Order in accordance with this Memorandum Opinion will be entered this date.

IT IS SO ORDERED.

/s/ Arthur B. Federman<br>Bankruptcy Judge

Date: May 11, 2004.

Copies electronically mailed to:
Richard Fink
David Barlow
Cynthia Woolverton

Copies conventionally mailed to all parties of record by the Court.